IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUAN MARCOS ESTRADA, § § *Plaintiff*, § § v. § § GERALDINE R. HARRIS, State Registrar § of Vital Statistics, and TEXAS § DEPARTMENT OF STATE HEALTH § SERVICES, § § *Defendants*. § | Civil Action No. 5:14-cv-00939-XR |

**ORDER**

On this day the Court considered Defendants Geraldine R. Harris, the State Registrar of Vital Statistics, and Texas Department of State Health Services' (collectively "Defendants") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket no. 13). For the following reasons, the Court GRANTS the motion.

**I.   BACKGROUND**

Plaintiff Juan Marcos Estrada filed a federal court petition with an application for a Writ of Mandamus and Declaratory Judgment in this Court on October 24, 2014. (Docket no. 1). By his lawsuit, Estrada seeks to have the Court order Defendants to issue him a certified copy of his Texas birth certificate and asks for an evidentiary hearing on his citizenship status and Declaratory Judgment that he was born in the United States. (Docket no. 5, p. 4).

On November 12, 2011, Estrada requested a certified copy of his Texas birth certificate from the Texas Department State Health Services ("DSHS"). (Docket no. 5, p. 2). DSHS

1

refused to issue the certified copy of the birth certificate after Harris, in her role as State Registrar of Vital Statistics, informed DSHS Estrada had a Mexican birth certificate showing that he was born in Zacatecas, Mexico on September 4, 1972, (the same date of birth that is listed on his Texas birth certificate). (Docket no. 5, p. 2) Harris refused to issue a certified copy of Estrada's birth certificate pursuant to Texas Health and Safety Code §191.003. (Docket no. 13, p. 2). Estrada requested a hearing before DSHS to appeal the denial of the issuance of his birth certificate. (Docket no. 5, p. 2). He was granted a live hearing before a DSHS Examiner on November 15, 2012. (Docket no. 5, p. 2). The Examiner issued an order upholding the denial of issuance of Estrada's birth certificate, because he failed to rebut the information presented by the Vital Statistics Unit. (Docket no. 13, p. 3). Estrada filed a motion for a rehearing and DSHS denied the motion on January 7, 2013. (Docket no. 5, p. 3).

On April 22, 2013, Estrada filed a petition for a writ of mandamus against Defendants in the 419th District Court of Travis County asking the court to order Defendants to issue a certified copy of his Texas birth certificate. (Docket no. 5, p. 3). After a hearing on the merits, the State district court issued a final judgment denying Estrada's petition on June 17, 2014. (Docket no. 5, Ex. A).

Estrada filed a petition for a writ of mandamus and declaratory relief in federal court on October 24, 2014. (Docket no. 1). After failing to serve Defendants in 120 days pursuant to Federal Rule of Procedure 4, the Court ordered Estrada to show cause why there was no service. (Docket no. 2). Given Estrada's response, the Court granted Estrada an extension to provide proof of service until May 1, 2015. (Docket no. 8). Estrada filed an amended complaint on

April 5, 2015. (Docket no. 5).[1]  Defendants were served and then filed their motion to dismiss on May 7, 2015.  (Docket no. 13).  Estrada has not responded to the motion.

## II.     STANDARD OF REVIEW

Defendants move to dismiss for lack of jurisdiction pursuant to 12(b)(1) because they are not subject to the federal statutes Estrada cites in his complaint and have sovereign immunity.  In the alternative, Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

The Court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Assn of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A motion to dismiss for lack of jurisdiction under 12(b)(1) may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).  Unlike a 12(b)(6) motion, the district court is empowered to consider matters outside the Complaint and matters of fact that may be in dispute. *Ramming*, 281 F.3d at 161.

---

[1] Estrada's amended complaint contained no material changes. The facts and causes of action alleged remain unchanged.

### III.   ANALYSIS

#### A. Rule 12(b)(1) Motion to Dismiss

Estrada brought a claim for declaratory judgment against Defendants citing several different federal statutes: 8 U.S.C. § 1503(a), 5 U.S.C. § 704, and 28 U.S.C. §§ 2201–2202. Defendants argue the Court lacks jurisdiction under the statutes cited by Estrada, and in the alternative, sovereign immunity prevents this suit.

First, Estrada seeks declaratory judgment against Defendants pursuant to 8 U.S.C. § 1503(a) – Denial of Rights and Privileges as National, to "redress the deprivation of rights, privileges and immunities secured to [him]." (Docket no. 1, p. 3). Section 1503(a) provides:

> (a) Proceedings for declaration of United States nationality[:]
> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege *by any department or independent agency, or official thereof*, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 *against the head of such department or independent agency* for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

§ 1503(a) (emphasis added).  Section 1503(a) permits, with certain restrictions, a person who claims that his rights as a national have been denied to institute a declaratory judgment action for a declaration of his citizenship. 12 A.L.R. Fed. 2d 501 (2006). Section 1503(a) is a statute within U.S. Code Title 8 – Aliens and Nationality. Specifically, it is a subsection of Chapter 12 – Immigration and Nationality, Subchapter III – Nationality and Naturalization. All references

to administration within Chapter 12 refer to the "official designated by the Secretary of State," or other federal authorities. 8 U.S.C. § 1101 (definitions section). Estrada has failed to provide the Court with any cases in which individuals have sued a state agency under § 1503(a), and the Court, after an exhaustive search, finds none.

The only potentially relevant case the Court has found was brought against United States Secretary of State, John Kerry, regarding the findings of a Texas state agency. *See Sanchez v. Kerry*, 2014 WL 2932275, at *3 (S.D. Tex. June 27, 2014), appeal filed, No. 14-20774 (5th Cir. Dec. 24, 2014). In *Sanchez*, after a bench trial, Judge Rosenthal found that the findings of a state agency in state court were not entitled to evidentiary weight in a § 1503(a) citizenship proceeding because "[q]uestions regarding passport eligibility and issuance [under § 1503(a)], as well as United States citizenship, are *exclusively within the authority of the federal government*. They are not within the purview of the state administrative agencies or any other part of the state government." *Id*. (emphasis added). Extending *Sanchez*'s reasoning, state agencies and their employees cannot be sued pursuant to § 1503(a) because they have no authority over the statute's subject-matter. Section 1503(a) cases are to be brought against "department or independent agency, or official" of the United States; entities or individuals with authority over naturalization matters. Thus, a cause of action under § 1503(a) must be related to the decisions and actions of departments, agencies and officials of the United States and is not properly brought against state agencies or their employees. *See Garcia v. Kerry*, 557 F. App'x 304, 306 (5th Cir. 2014) (filing for declaratory judgment and writ of mandamus against United States Secretary of State); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396 (5th Cir. 2007) (suit against the United States Department of Homeland Security); *Escalante v. Clinton*, 386 F. App'x 493, 494 (5th Cir. 2010) (suit against the United States Secretary of State).

DSHS is the agency of the State of Texas that issues birth certificates. (Docket no. 13, p. 2). Harris is the State Registrar of Vital Statistics, an employee of the State of Texas, not the United States government. (Docket no. 13, p. 1). Because DSHS is a state – not a federal – agency, and Harris is a state – not a federal – employee, neither are proper parties under a § 1503(a) claim. Therefore, Estrada's § 1503(a) claim does not confer 28 U.S.C. § 1331 federal question jurisdiction to the Court in this case.

Estrada also cites to 5 U.S.C. § 704 to provide jurisdiction, though he does not request relief based on the statute. (Docket no. 5, p. 3). Estrada alleges that he was "aggrieved by adverse agency action" and review of DSHS and Harris's actions should be under the jurisdiction of a federal district court pursuant to § 704. (Docket no. 5, p. 3). Section 704 – Actions Reviewable, provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

In § 704, agency "means each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 701(b)(1) (definitions section). Thus, a cause of action under § 704 must be brought in connection with a final action of an agency with the authority of the federal government. *See Amrollah v. Napolitano*, 710 F.3d 568, 570 (5th Cir. 2013*)*; *AAA Bonding Agency Inc. v. U.S. Dep't of Homeland Sec.*, 447 F. App'x 603, 612 (5th Cir. 2011); *Belle Co. v. U.S. Army Corps of Engineers*, 761 F.3d 383, 387 (5th Cir. 2014) *cert. denied sub nom. Kent Recycling Servs., LLC v. U.S. Army Corps of*

*Engineers*, 135 S. Ct. 1548 (2015). DSHS is the state agency charged with issuing birth certificates in Texas. (Docket no. 13, p. 2). Harris is the State Registrar of Vital Statistics. She is an employee of the State of Texas, not the federal government. (Docket no. 13, p. 1). Defendants are not agencies or employees of agencies with the authority of the federal government. Therefore, Defendants, a state agency and state employee, are improper parties and § 704 does not grant the Court jurisdiction.

Estrada's petition also requests declaratory judgment under 28 U.S.C. §§ 2201–2202. However, "[n]either the Declaratory Judgment Act, § 2201, nor the 'Further Relief' statute, § 2202, confer jurisdiction on [a federal court] but, rather, provide additional remedies where jurisdiction independently already exists." *Harris v. United States*, 820 F. Supp. 1018, 1021 n.2. (N.D. Miss. 1992) *aff'd*, 19 F.3d 1090 (5th Cir. 1994) (citing *Smith v. Lehman*, 533 F.Supp. 1015, 1018 (E.D.N.Y.1982), *cert. denied*, 459 U.S. 1173 (1983)) (holding that plaintiff must rely on other claims to confer jurisdiction because assertion of claims under §§ 2201 and 2202 failed to provide subject matter jurisdiction). Therefore, §§ 2201–2202 do not confer jurisdiction on the Court.

None of the statutes invoked by Estrada under his claim for declaratory relief confer jurisdiction on the Court. Additionally, Estrada failed to cite any particular federal statutes to support the Court's jurisdiction over his petition for writ of mandamus. The Court notes that 28 U.S.C. § 1361 provides federal district courts with original jurisdiction over petitions for writs of mandamus against federal officials, employees, and agencies. (Docket no. 13, p. 7). Like all of the other federal statutes invoked by Estrada, this statute also refers to the Court's jurisdiction over the federal government and federal officials and does not apply to state agencies or officials such as Defendants. *See* 28 U.S.C. § 1361 ("The district courts shall have original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

The Court finds that Estrada has failed to state a claim that confers jurisdiction on the court so the complaint is dismissed in its entirety.[2]

## IV.    CONCLUSION

For all of these reasons Defendants' Motion to Dismiss (docket no. 13) is GRANTED. Plaintiff's petition is DISMISSED. All other motions are DISMISSED AS MOOT. The Clerk is instructed to close the case.

It is so Ordered.

SIGNED this 30th day of June, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not reach Defendants' sovereign immunity, Rule 12(b)(6) motion or res judicata argument because it lacks subject matter jurisdiction over this case.